Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8009 | **DATE** | 3/13/2002 |
| **CASE TITLE** | WAUSAU INSURANCE COMPANY vs. WOODS EQUIPMENT COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 4/2/02 at 9:00 a.m. Enter Memorandum Opinion And Order. Wausau's motion to strike portions of defendant's answer is granted; Wausau's motion to strike affirmative defenses is granted in part and denied in part; and Wausau's motion to dismiss counts III through VI of the defendant's counterclaim is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAR 14 2002 date docketed | | 22 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 MAR 13 PM 6:29 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| WAUSAU INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 8009 |
| v. ) | |
| ) | |
| WOODS EQUIPMENT COMPANY a/k/a ) | Judge John W. Darrah |
| WOODS HOLDING CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Wausau Insurance Company ("Wausau"), brought suit against defendant, Woods Equipment Company ("Woods"), alleging Woods breached two insurance policies by failing to pay the premiums. Woods filed an answe, including eleven affirmative defenses and a counterclaim, alleging breach of contract, breach of fiduciary duty, and accounting regarding the same two insurance policies. Presently before this Court is Wausau's Motion to Strike Portions of Defendant's Answer and Affirmative Defenses and Motion to Dismiss Counts III Through VI of the Defendant's Counterclaims.

A. Motion to Strike Defendant's Answer

When providing answers to a complaint a, "party shall state in short and plain terms ... and shall admit or deny the averments upon which the adverse party relies." Fed. R. Civ. P. 8(b). "Denials shall fairly meet the substance of the averments denied. When a pleader intends ... to deny only part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder." Fed. R. Civ. P. 8(b).

In the instant case, Woods did not admit or deny Wausau's jurisdiction statement, answering that the paragraph contained "only legal conclusions to which no answer is required". Woods also answered paragraphs 8-14 and 16 of Wausau's complaint with the same general answer of:

> Woods admits that Wausau issued various policies of workers' compensation insurance from time to time and that said polices are written contracts that must be interpreted according to the terms and conditions contained therein. Woods further admits, on information and belief, that the insured was obligated to pay premiums on said policies and that the premiums were required to be calculated based upon the terms and conditions contained in said policies. Woods denies all of the allegations remaining in paragraph [paragraphs 9-14 and 16]....

Wausau argues that Woods' answer should be stricken because the above "form" answer does not properly admit or deny the allegations and Wausau is unable to determine what Wood is denying and admitting. Woods argues that the answers are sufficient and that it was required to provide the "form" answer because Wausau did not attach a copy of the insurance policies to the complaint or quote the policy terms in the complaint. Because Wausau alleged conclusions and over-broad characterizations of the policies, Woods was required to be precise in its answers via the "form" answer.

A review of the complaint, as a whole, demonstrates that Wausau did identify the two insurance policies at issue. Furthermore, Woods is aware of the policies and their contents as demonstrated by Wausau's reliance on the same policies in its counterclaim and the attachment of said polices to its response to Wausau's Motion to Dismiss. Therefore, it was possible for Woods to answer the complaint without the continued use of its "form" response. The inclusion of the "form" response and the general denial of the remainder of each of the paragraphs does not

2

clearly set forth what is denied and what is admitted. Accordingly, Wausau's Motion to Strike Woods Answer is granted. Woods is give twenty days from the date of this order to file an amended answer consistent with this order.

B. Motion to Strike Affirmative Defenses

Federal Rules of Civil Procedure 8(c) requires a party to set forth affirmative defenses in a responsive pleading. Fed. R. Civ. P. 8(c). Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense." Fed. R. Civ. P. 12(f). Generally, motions to strike affirmative defenses are disfavored because they potentially serve only to cause delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (*Heller*). Such motions are generally granted only when the affirmative defenses are "patently defective and could not succeed under any circumstances." *Mobey v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 732 (N.D. Ill. 1993).

Affirmative defenses, as pleadings, are subject to the pleading requirements of the Federal Rules of Civil Procedure. *See Heller*, 883 F.2d at 1294. Therefore, affirmative defenses must set forth a "short and plain statement." Fed. R. Civ. Proc. 8(a). The allegations must include either direct or inferential allegations respecting all material elements of the defense asserted. Narrated facts with bare legal conclusions are not sufficient. *Renalds v. S.R.G. Restaurant Group*, 119 F.Supp.2d 800, 802 (N.D. Ill. 2000) (*Renalds*).

Woods' first affirmative defense states, "Wausau fails to state a claim and/or fails to state facts upon which the relief requested can be granted." This first defense is a recitation of the standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). The defense identifies the legal theory without indicating how it is connected to the present case. While the

3

Federal Rules of Civil Procedure allow liberal pleadings, they do not allow a claimant to merely recite the standard for a motion to dismiss under Rule 12(b)(6). *See Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982); *Renalds*, 119 F.Supp.2d at 803-04. Accordingly, Woods' first affirmative defense is stricken.

Woods' second and third affirmative defenses both claim that Wausau's claims are barred because of Wausau's breach of contract. Woods' counterclaim already addresses these issues. Therefore, these affirmative defenses are redundant of the existing counterclaims and are stricken. *See Trustees of the Will County Local 174 Carpenters Pension Fund v. F.V.E. & Assoc., Inc.*, 2001 WL 1298803 (N.D. Ill. Oct. 24, 2001) (striking affirmative defenses that were redundant to third-party complaint).

Woods' fourth, fifth, sixth, and seventh affirmative defenses aver that Wausau's claims are barred by unclean hands, laches, estoppel, and failure of consideration, respectively. These defenses are proper affirmative defenses pursuant to Rule 8(c) and sufficiently place Wausau on notice of the defense. Accordingly, Plaintiff's Motion to Strike these affirmative defenses is denied. *See International Ins. Co. v. Caja Nacional De Ahorro Y Seguro*, 2001 WL 322005 (N.D. Ill. April 2, 2001).

Woods' eighth affirmative defense states, "The damages alleged in the complaint were caused by the sole, direct and active negligence, breach of duty, and acts or omissions of persons over which Woods had no control and for whom Woods is not responsible in law." This defense also is redundant of Woods' counterclaim and is, therefore, stricken.

Woods' ninth affirmative defense alleges that Wausau failed to mitigate its damages. This affirmative defense sufficiently puts Wausau on notice that one of Woods' affirmative

defenses is Wausau's failure to mitigate damages and is not stricken. *See Tome Engenharia E. Transportes v. Malki*, 1996 WL 172286 (N.D. Ill. April 11, 1996) (finding affirmative defense that "[p]laintiff has failed to mitigate its damages" was sufficiently pled).

Woods' tenth affirmative defense alleges that Wausau's claims are barred by Wausau's failure to perform the conditions precedent of the contracts. This defense also is redundant of Woods' counterclaim and is stricken.

Woods' eleventh affirmative defense states, "Woods expressly reserves its right to amend its affirmative defenses to add at any time any affirmative defense not expressly stated herein." This is an improper affirmative defense. It is not listed in Rule 8(c) as an affirmative defense; and, pursuant to Rule 15(a), only the courts may grant leave to amend pleadings. Accordingly, this affirmative defense is stricken.

Based on the above, Woods' first, second, third, eighth, tenth, and eleventh affirmative defenses are stricken.

C. Motion to Dismiss

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of Woods' counterclaim supports the following summary of the alleged conduct of the parties.

Wausau issued a policy of workers' compensation insurance to Woods, policy number

5

0716-00-063046, that was in effect for the period of April 30, 1995 through April 30, 1996. Wausau also issued a policy of workers' compensation insurance to Woods, policy number 0176-00-063046, that was in effect from April 30, 1996 through April 30, 1997.

Pursuant to these policies, Wausau was obligated to pay claims made by any workers' compensation claimant covered by the terms and conditions of the workers' compensation policies. The amounts paid and held in reserve by Wausau were an element in the calculation of Woods' workers' compensation premiums for each of the policies. For every dollar Wausau reserved under the policies, the retroactive premium it charged to Woods would increase significantly. Wausau was contractually obligated to handle Woods' workers' compensation claims in such a manner as to minimize the amount of said payments. Wausau breached this duty in the handling of two claims by two of Woods' employees which resulted in excessive and unreasonable charges to Woods for retroactive workers' compensation premiums.

Counts III and IV of Woods' counterclaim allege that Wausau breached its fiduciary duty to Woods and each of the insurance policies. Wausau seeks to dismiss these claims, arguing that no fiduciary relationship exists between an insured and insurer in Illinois. Both parties agree that Illinois is the correct law to apply to the claims.

Generally, in Illinois, there is no fiduciary relationship between an insurer and an insured. *See Overbey v. Illinois Farmers Ins. Co.*, 170 Ill. App. 3d 594, 605 (1988); *Robacki v. Allstate Ins. Co.*, 127 Ill. App. 3d 294, 296-97 (1984). However, a fiduciary duty may arise as a result of special circumstances of the parties' relationship. For example, where one party places trust in another so that the latter party gains influence and superiority over the former party or where a dominant party agrees to exercise its judgment on behalf of the servient party. *See Ransom v.*

*A.B. Dick Co.*, 289 Ill. App. 3d 663, 672 (1997); *see also Douglas v. Allied American Ins.*, 312 Ill. App. 3d 535, 543 (2000) ("An insurance company has a fiduciary duty to defend its insured and to consider the insured's interest.").

As set forth above, Woods alleges that an element of the calculation of its premiums paid to Wausau was the amount paid and held in reserve by Wausau and could increase the premium significantly. Wausau also alleged that the mishandling of two workers' compensation claims resulted in excessive and unreasonable charges to Woods for the workers' compensation so increased premiums were paid to Wausau.

The above allegations sufficiently plead a fiduciary relationship at this stage of the litigation.

Counts V and VI of Woods' counterclaim seek an accounting. Wausau argues that these counts should be dismissed because Woods has failed to allege that no adequate remedy at law exists.

Generally, to sustain an action for an accounting under Illinois law, the complaint must allege the absence of an adequate remedy at law and at least on of the following: (1) a breach of a fiduciary relationship between the parties, (2) fraud, (3) a need for discovery, or (4) the existence of mutual accounts which are complex in nature. *Hartigan v. Candy Club*, 149 Ill. App. 3d 498, 501 (1986) (*Hartigan*); *Homestead Ins. Co. v. Chicago Transit Authority*, 1997 WL 43232 (N.D. Ill. Jan. 23, 1997) (*Homestead*). However, if an accounting is sought based on a breach of a fiduciary duty, the complaint need not allege an inadequate remedy at law. *Hartigan*, 149 Ill. App. 3d at 501; *Homestead*, 1997 WL 43232 at * 2.

Here, Woods seeks an accounting based on the alleged breach of a fiduciary duty.

7

Accordingly, the accounting claims are sufficiently pled.

For the foregoing reasons, Wausau's Motion to Strike Portions of Defendant's Answer is granted; Wausau's Motion to Strike Affirmative Defenses is granted in part and denied in part; and Wausau's Motion to Dismiss Counts III Through VI of the Defendant's Counterclaim is denied.

Dated: March 13, 2001

JOHN W. DARRAH
United States District Judge